UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LORENA DEL CARMEN GALLO,**

**Petitioner,**

**v.** **Case No. 6:26-cv-2262-CEM-NWH**

**SECRETARY MARKWAYNE MULLIN, DAVID J. VENTURELLA, ASSOCIATE DIRECTOR MARCOS CHARLES, JUAN AGUDELO, CHARLES WALL, TODD BLANCHE, SHERIFF PEYTON C. GRINNELL, and JOHN DOE,**

**Respondents.**
_________________________________/

**ORDER**

THIS CAUSE is before the Court on the request for preliminary injunctive relief in the Amended Petition ("Motion," Doc. 9). The Court held a hearing on October 13, 2026. (Min. Entry, Doc. 15). Given the emergent nature of the case, Respondents were not required to file a written response but were permitted to respond orally at the hearing. For the reasons set forth below, the Motion will be granted in part and denied in part.

Petitioner is a citizen of Argentina. (Passport, Doc. 1-2, at 2).[1] She entered the United States in 2002 pursuant to a visitor visa, (Doc. 9 at 9), and sought assistance with obtaining lawful immigration status from someone who was later discovered to be engaged in the unlicensed practice of law, Elizabeth Hidalgo, (*see* Asylum Application, Doc. 9-5, at 35–40; Crim. Contempt Order, Doc. 9-7, at 2–7; Roberto Loisa Aff., Doc. 9-5, at 240–41). Due to the inappropriate representation by Hidalgo, an *in absentia* removal order was entered. (*Id.* at 241).

On August 3, 2026, Petitioner was arrested and detained for a traffic infraction in Osceola County, Florida. (Order of Commitment, Doc. 9-2, at 2). Petitioner was also advised that she was subject to an immigration detainer. (*Id.*). That case was resolved and closed on September, 16, 2026. (*Florida v. Gallo* Docket, Doc. 9-3, at 2; Judgement & Sentence, Doc. 9-3, at 4). On September 18, 2026, Petitioner was transferred from state custody to Immigration and Customs Enforcement ("ICE") custody, where she remains.[2] Petitioner was originally detained pursuant to a warrant based on her *in absentia* removal order. Subsequently, Petitioner's *in absentia* removal order was vacated, and Petitioner's removal case was reopened. Respondents agree that this development changes Petitioner's status and abrogates the previous reason she was detained.

---

[1] All pincites are to the electronic filing page number.

[2] Given the short timeline, much of the evidence was in the form of oral representations during the October 13, 2026 hearing.

However, Respondents represent that Petitioner is now properly held pursuant to 8 U.S.C. § 1226(a), which permits non-citizens to be detained "pending a decision on whether [they will] be removed from the United States." Nevertheless, Respondents agree that Petitioner is entitled to a bond hearing. Thus, the parties agree to a portion of the preliminary relief requested. In light of this agreement, the Court concludes that Petitioner has met her burden for a preliminary injunction in this regard. *See Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (providing the elements that must be established to obtain preliminary injunctive relief).

Petitioner also requests immediate release. However, because Respondents have articulated a statutory basis for her detention and have agreed to provide Petitioner with a bond hearing, Petitioner has not provided a basis upon which the Court can order such relief. Petitioner also requested that this Court enjoin Respondents from transferring Petitioner outside of this district. The Court's jurisdiction was secured upon the filing of the Petition, and it will remain even if Petitioner were transferred. *Velasquez v. U. S. Immigr. & Customs Enf't*, No. 26-61550-CIV, 2026 U.S. Dist. LEXIS 124912, at *3 n.1 (S.D. Fla. June 5, 2026) (relying on *Ex parte Endo*, 323 U.S. 283, 306–07 (1944), and *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981)). Thus, Petitioner has not provided a basis for this Court to usurp ICE's discretion regarding the location of Petitioner's detention.

*See Calla-Collado v. Attorney Gen. of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("[A]s a part of [the Department of Homeland Security], ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings.'" (quoting *Gandarillas–Zambrana v. Bd. of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995))).

Accordingly, the Court will order the agreed-to relief. Additionally, because Petitioner has been in ICE custody for twenty-five days,[3] the Court will require that the bond hearing be conducted expeditiously. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The request for preliminary injunctive relief in the Amended Petition (Doc. 9) is **GRANTED in part** and **DENIED in part**.
2. **On or before October 23, 2026**, Respondents shall provide Petitioner with an individualized bond hearing.
3. **On or before October 26, 2026**, Respondents shall file a notice of compliance and a status as to Petitioner's custody.

---

[3] The Court understands that Petitioner's change in status resulted in the need for this bond hearing and does not attribute the delay to any wrongdoing by Respondents.

4. The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 13, 2026

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record